WILLIAM METZGER *et al.*

*v.*

STEPHEN K. MORLEY.

*Opinion filed June 19, 1902.*

1. JUDGMENTS AND DECREES—*judge's minutes are sufficient to authorize an entry of judgment nunc pro tunc.* The minutes of the judge, although not properly any part of the record of the case, are sufficient to authorize the entry of an order or judgment *nunc pro tunc* at a subsequent term.

2. SAME—*what a sufficient minute to authorize entry of judgment nunc pro tunc.* Minutes of the judge reading, "Trial by jury and verdict for $1521.09, and motion by defendant for new trial; motion overruled and judg. on verdict for $1521.09, and appeal prayed and allowed; bond in $3000 in 20 days," etc., together with the attempted entry of the judgment by the clerk on the verdict, are sufficient to authorize judgment *nunc pro tunc* at a subsequent term.

3. ESTOPPEL—*when a party is not estopped to move for entry of judgment nunc pro tunc.* Where the appellee moves to dismiss the appeal upon the ground that the clerk had failed to enter formal judgment, the sustaining of his contention and the dismissal of the appeal do not estop him from moving, at a subsequent term, for the entry of final judgment *nunc pro tunc.*

*Metzger* v. *Morley*, 99 Ill. App. 280, affirmed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of DeWitt county; the Hon. W. G. COCHRAN, Judge, presiding.

A. E. DeMange, (George K. Ingham, of counsel,) for appellant.

V. Warner, for appellee.

Mr. Justice Wilkin delivered the opinion of the court:

On the 16th day of March, 1900, Stephen K. Morley, by his attorneys, Moore & Warner, entered a motion in the circuit court of DeWitt county to re-docket the case of *Morley* v. *Metzger et al.*, and for an order directing its clerk "to enter of record, in full and proper form, the judgment theretofore pronounced and rendered by the court in said cause, as of the date when said judgment was pronounced and rendered." Due notice of the motion was given to the defendants, and they appeared therein and resisted the same. The court granted the motion and made an order, as follows: "And the court, being fully advised in the premises, doth re-docket said cause, and finds that on the 6th day of December, A. D. 1896, at a regular term of said court, on the verdict of the jury in said cause, the court pronounced and rendered a judgment in favor of the plaintiff and against the defendant for the sum of $1521.09 damages and costs of said cause, and that the clerk of said court failed to enter of record said judgment in full and proper form. Therefore, in consideration of the premises, the court hereby orders and directs said clerk to enter of record, in full and proper form, in said cause, as of date December 6, A. D. 1898, said judgment in favor of plaintiff and against defendant for the sum of $1521.09 and costs of said cause, the judgment pronounced and rendered by the court in said cause on said last mentioned date." To the entry of this order the defendants excepted. The clerk thereupon entered up, in due form, a judgment according to the directions of said order, to which the defendants also then and there excepted and prayed an appeal to the Appellate Court, which was allowed. That court having affirmed the judgment of the circuit court, this further appeal is prosecuted.

The only question in the case is whether there was a sufficient minute, note or memorial paper appearing of record in the court to justify the entry of the judgment at a subsequent term. We held in *People ex rel.* v. *Quick*, 92 Ill. 580, that the court, at a subsequent term, may, from its minutes or other proper evidence, enter an order *nunc pro tunc* correcting a judgment so that it will show the real judgment in fact rendered; and in *Howell* v. *Morlan*, 78 Ill. 162, we said: "If, then, it be true, as disclosed by the record, that judgment was entered upon the verdict at the term it was returned into court by the jury and the clerk omitted to write up the judgment in the record, the court, at a subsequent term, undoubtedly had the power to order the judgment entered *nunc pro tunc.* In Freeman on Judgments (sec. 61) the author says: 'The entry of a judgment *nunc pro tunc* is always proper when a judgment has been ordered by the court but the clerk has failed or neglected to copy it into the record.'" The only qualification of this rule is, that the subsequent order must be made upon something appearing in the record, and not merely upon parol testimony, nor upon the mere memory of the judge himself.

This case was before us at a former term on appeal from the Appellate Court by Metzger and others, heard in that court on appeal from an informal judgment entered December 6, 1898. Upon that appeal in the Appellate Court appellants assigned for error the insufficiency of the clerk's entry of the judgment, whereupon appellee moved to dismiss the appeal for the reason that there was no final judgment in the circuit court from which an appeal could be prosecuted. The Appellate Court sustained the motion and dismissed the appeal, and we affirmed that judgment. (*Metzger* v. *Morley*, 184 Ill. 81.) It appeared from the record in that case that the clerk, instead of entering a formal judgment upon the verdict of the jury, simply wrote upon the record, "and judgment on the verdict for $1521.09." We said, in affirming the

judgment of the circuit court: "The recital so made by the clerk amounts to nothing more than a loose memorandum, evidently intended as a guide to the clerk in making up his record at some subsequent time. Such an entry by the clerk cannot be called a judgment." It has always been held by this court that the minutes of the judge, though not properly any part of the record in a case, are sufficient to authorize the entry of an order or judgment at a subsequent term. It appears from the bill of exceptions in this record that the judge did consider his minutes made at the time of the trial, as follows: "Trial by jury and verdict for $1521.09, and motion by defendant for new trial; motion overruled and judg. on verdict for $1521.09, and appeal prayed and allowed; bond in $3000 in 20 days, to be approved by clerk by agreement; b. of e. in 120 days." We are unable to see why the attempted entry by the clerk, "and judgment on the verdict for $1521.09," with the foregoing minutes of the judge, was not amply sufficient to authorize the order and judgment *nunc pro tunc* in question. To hold otherwise would be to deprive the court of the power to make its record speak the truth under any and every circumstance.

It is insisted, however, by counsel for the appellants, that the appellee is not in a position to insist that judgment was pronounced at the December term, 1898, because of his contention upon the former appeal. This is upon the assumption that it was insisted in the Appellate Court, and in this court on the motion to dismiss that appeal, that no judgment whatever had been pronounced upon the verdict. But that was not the real contention of the appellee. His contention then was, that no *sufficient* final judgment had been entered upon the verdict. He did not then contend that judgment had not been pronounced by the court upon the verdict, nor that no sufficient memorandum of that fact appeared of record upon which a proper judgment could thereafter be entered, but simply that the clerk had failed to enter

up a formal judgment. His position then was not necessarily inconsistent with his motion at the subsequent term nor with his contention now. If it should be held that the appellee is estopped by his motion to dismiss the former appeal because no judgment had been entered upon the verdict, then with equal propriety it could be said the defendants are estopped to deny that a judgment in some form was then pronounced, because by their appeal they must have admitted that there had been an attempt to enter judgment.

We agree with the Appellate Court in holding that the order and judgment of March 16, 1900, was fully justified.                                     *Judgment affirmed.*