Hunter v. The Empire State Surety Co. et al., 191 Ill. App. 634.

where the by-laws of an interpleading beneficial society expressly provided that when more than one claimant demands the endowment benefit provided for, there shall be deducted from such benefit "all court costs, reasonable attorney's or solicitor's fees, and all actual expenses incurred by this order in determining who should be paid said benefits", a reasonable solicitor's .fee may be allowed, provided the complainant acts in good faith in filing the bill.

## Thomas M. Hunter, Bailiff for use of W. R. Holligan and J. W. Rodgers, Defendants in Error, v. The Empire State Surety Company and Margaret M. Gillette, Plaintiffs in Error.

### Gen. No. 20,393.

1. JUDGMENT, § 170*—*how rendition and entry distinguished.* The rendition of a judgment is the judicial act of the court in pronouncing the sentence ·of the law upon the facts in controversy as ascertained by the pleadings and verdict. The entry of the judgment is the ministerial act of enrolling or recording the judgment rendered.

2. JUDGMENT, § 238*—*when nunc pro tunc judgment in replevin suit admissible in suit on replevin bond.* The only record made of a judgment in a replevin suit in the Municipal Court of Chicago, at the time of its rendition, was an abbreviated minute of the proceedings entered on a docket. In the suit upon the replevin bond the judgment was alleged, in the affidavit of defense to be void because not entered in the English language. Thereafter an order was entered in the replevin suit by a judge other than the one who rendered the judgment, directing that the judgment rendered in the replevin suit be recorded, in full form, *nunc pro tunc* as of the date it was rendered. *Held*, that the record of the judgment as entered *nunc pro tunc* was admissible in evidence in the suit on the replevin bond.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Hunter v. The Empire State Surety Co. et al., 191 Ill. App. 634.

3. JUDGMENT, § 238*—*what judge may order judgment entered nunc pro tunc as rendered.* Any judge of the Municipal Court of Chicago may direct the entry *nunc pro tunc* as of the date and in the form which it was entered of a judgment of that court which has not been properly entered but of which a proper minute has been preserved.

4. REPLEVIN, § 119*—*when evidence of motion in Appellate Court in replevin suit admissible in suit on bond.* In a suit on a replevin bond it is proper to admit in evidence a motion made in the Appellate Court by one of the appellants to set aside the judgment of affirmance by that court and the order denying such motion.

5. EVIDENCE, § 27*—*when admission of evidence of attorney of party not reversible error.* While the courts do not favor the practice of an attorney for a party to an action testifying in favor of his client, he is not disqualified as a witness, and an objection to his testimony goes to its weight and not to its competency, and permitting him to testify is not reversible error, especially where he has first withdrawn his appearance and his evidence relates to matters which it would be difficult to prove in any other way.

6. REPLEVIN, § 204*—*when evidence as to value of services of attorneys admissible in suit on bond.* In a suit on a replevin bond it is not error to admit evidence as to the value of the services of two attorneys in the replevin suit, where there is evidence tending to prove that there was more work than could be properly done by one attorney and that defendant in the replevin suit authorized one of the attorneys to employ his partner to assist in the trial.

7. REPLEVIN, § 191*—*when instruction as to employment of two attorneys proper.* In a suit on a replevin bond it is not error to instruct the jury that they are to determine whether the services of two attorneys were reasonably necessary in defending the replevin suit, where there was evidence tending to prove that there was more work than one could do properly and that the defendant in the replevin suit authorized one of the attorneys to employ his partner to assist in the trial.

8. WITNESSES, § 21*—*when not qualified to testify.* In a suit on a replevin bond given in a replevin suit for an automobile, the fact that one called as a witness as to the value of the car was, at the time of the replevin suit, an "automobile repair man" in the garage in which the car was kept and that two years later he engaged in the business of buying and selling automobiles does not qualify him to testify as to the value of the car at the time of the replevin suit, where it appears that before engaging in the business he had never bought nor sold an automobile and that he did not know of any sale of a car like the car in question.

*See *Illinois Notes Digest,* Vols. XI to XV, and *Cumulative Quarterly,* same topic and section number.

9. REPLEVIN, § 171*—*when conditional tender of return of property insufficient.* In a suit on a replevin bond, where the only tender to return the property made before the trial is the offer in the affidavit of merits to return it "if it should be found and held that said replevin judgment is valid," in which affidavit it is also claimed that the judgment is invalid, it is not error to refuse to permit the defendants to make a formal offer, at the close of all the evidence, to return the property.

10. TRIAL, § 195*—*when refusal of instruction to find for plaintiff proper.* Evidence examined and *held* to warrant denial of motions at the close of plaintiff's evidence and at the close of all the evidence to instruct the jury to find for the defendants.

11. REPLEVIN, § 190*—*when interest recoverable in suit on bond.* Where the plaintiff in a suit on a replevin bond recovers judgment, interest is properly allowed.

12. NEW TRIAL, § 122*—*when refusal of motion not reviewable.* Where the bill of exceptions does not show that a motion for a new trial was made, the question whether the verdict was contrary to the preponderance of the evidence cannot be reviewed.

Error to the Municipal Court of Chicago; the Hon. JOHN J. ROONEY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Affirmed. Opinion filed March 11, 1915.

**Statement by the Court.** In January, 1909, Harold Gillette, a minor, by his mother and next friend, Margaret M. Gillette, brought a replevin suit in the Municipal Court of Chicago against the Kramer Motor Car Company to recover the possession of an automobile. Mrs. Gillette and the Empire State Surety Company executed a replevin bond in the sum of $3,000 to the bailiff of that court and a replevin writ was issued, under which the bailiff took possession of the automobile and turned it over to Harold Gillette. The Motor Car Company pleaded property in W. R. Holligan and J. W. Rodgers, and upon a trial before the court without a jury a judgment was rendered on April 7, 1909, in favor of the defendant for costs and a return of the property. The only record of this judgment made at that time in the Municipal Court consisted of an abbreviated minute of the proceedings entered upon the docket of the court. From this judg-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

ment an appeal was taken to the Appellate Court, where the judgment was affirmed. *Gillette v. Kramer Motor Car Co.,* 163 Ill. App. 93.

In November, 1911, suit was brought upon the replevin bond above mentioned against Mrs. Gillette and the Surety Company. They filed an affidavit of merits, stating, in substance: First, that Harold Gillette was a minor at the time the replevin suit was tried, and that the trial of that suit by the court without a jury was a violation of his constitutional right to a trial by jury; second, that the judgment in the replevin suit was void because it was not ''entered'' in the English language, but in abbreviated characters; third, that if the replevin judgment was valid, the damages accruing ·on the bond·did not exceed the sum of $330. In March, 1912, an order was entered striking from the files the first paragraph of the affidavit of merits, relating to the alleged constitutional right of·trial by jury.·

On March 15, 1912, an order was entered in the replevin suit, which recites that after due notice and an examination of the records, files and papers in that suit,· the court finds that through error or inadvertence, the clerk of the court had failed to enter of record in full form, ''the findings, proceedings and judgment had and rendered'' therein on April 7, 1909, and thereupon it was ordered that such findings, proceedings and judgment (which are set forth in full in the order) be entered of record *nunc pro tunc* as of April 7, 1909.

At the trial of the suit on the replevin bond the plaintiff offered in evidence the affidavit for replevin, the replevin writ and the replevin bond; also the record of the judgment in the replevin suit, as entered *nunc pro tunc* on March 15, 1912; also the order of the Appellate Court affirming the replevin judgment; also a motion entered in the Appellate Court by Harold Gillette after he became of age, to set aside the order of affirmance upon the ground that his constitutional right of trial by jury had been invaded, and the

order of the Appellate Court denying said motion. Objections to each of these items of documentary proof were overruled and the defendants excepted. Evidence was then offered by both sides as to the value of the automobile, attorneys' fees, etc., and numerous objections were made, which will be referred to in the opinion. At the close of the plaintiff's evidence, and also at the close of all the evidence, defendants requested peremptory instructions in their favor, which were refused and exceptions duly preserved. The jury returned a verdict in favor of the plaintiff, fixing the debt at $3,000 and the damages at $1,656.27, and judgment was entered on the verdict. The defendants sued out a writ of error from the Supreme Court. That court, in February, 1914 transferred the cause to this court.

HARRIS F. WILLIAMS, for plaintiffs in error.

FREDERICK ARND, for defendants in error.

MR. PRESIDING JUSTICE FITCH delivered the opinion of the court.

In the opinion filed by the Supreme Court (*Hunter v. Empire State Surety Co.*, 261 Ill. 335), the court held that the constitutional questions raised by plaintiffs in error are not involved in this suit, for the reason that the proceedings and judgment in the replevin suit, even if erroneous, were not void and cannot be collaterally attacked in this suit on the replevin bond.

It is urged that the trial court erred in admitting in evidence the order—called by counsel for plaintiffs in error an "expanded judgment"—entered in the replevin suit on March 15, 1912. The ground of the objection is that this order was entered, "long after the court had lost jurisdiction of the replevin suit," by a judge who did not try the case, and was therefore (it is said) "a mere nullity." Counsel for defendants in error objects to the use of the words "expanded

judgment." We see no harm in using those words to express in brief form what was in fact done at the time the order of March 15, 1912, was entered. When the judgment was pronounced, or "rendered," on April 7, 1909, a memorandum or minute of that fact was written upon the docket, either by the judge who pronounced it, or by his minute clerk. This memorandum or minute, while in abbreviated form, is perfectly intelligible to every lawyer or clerk who is at all familiar with court records and minutes. With this minute as a guide, any clerk who is competent to write court records could readily "expand" it into the technical form of a judgment for the defendant in replevin; and a comparison of the minute with the order of March 15, 1912, shows that the judgment then ordered to be entered of record *nunc pro tunc* was in fact the judgment actually rendered on April 7, 1909, as shown by the minute.

There is a clear distinction recognized by the authorities between the *rendition* of a judgment and the *entry* of it. "The rendition of a judgment is the judicial act of the court in pronouncing the sentence of the law upon the facts in controversy as ascertained by the pleadings and verdict. The entry of a judgment is a ministerial act which consists in spreading it upon the record or writing it at large in a docket or other official book." (23 Cyc. 835.) In construing a statute using both these words, our Supreme Court said: "The words *'rendered'* and *'entered'* are plainly used antithetically, and each in its distinctive correct legal sense,—*'rendered'* being used to indicate the giving of judgment, and *'entered'* to indicate the act of placing the judgment *rendered* on record,—in other words, enrolling or recording it." *Blatchford v. Newberry,* 100 Ill. 484, 489. The same distinction was pointed out by Mr. Justice Moran, in *Jasper v. Schlesinger,* 22 Ill. App. 637, in the following language (p. 641): "It could not be said that there was no judgment because the judgment order had not been spread out at

640    APPELLATE COURTS OF ILLINOIS.

Hunter v. The Empire State Surety Co. et al., 191 Ill. App. 634.

length upon the judgment record. *The judgment is a fact from the moment it is pronounced by the court,* and the clerk's duty is to record such judgment before the final adjournment of the term 'or as soon thereafter as practicable.' R. S., Chap. 25, Sec. 14.'' In the same opinion it is also said (p. 640): ''It is not the practice of the court in rendering judgment in any case at common law to write out the formal order at length, nor is it the practice for the minute clerk to write out such order in his minutes, but such memorandum is made as clearly indicates what the judgment of the court is.''

The entry that was made on the docket of the Municipal Court on April 7, 1909, was a memorandum of that character. It was not a judgment. The judgment was a fact, however, from the moment it was pronounced by the court, and the memorandum made at that time, while it was neither itself the judgment nor a formal record of the judgment, was a sufficient minute of the proceedings to enable the clerk to enter the judgment of record in proper form. It has been repeatedly held that where such a memorandum or minute is made by the clerk or the judge upon some official book, document or paper at the time a judgment is pronounced, the court may at any time thereafter, by an order entered *nunc pro tunc,* cause the record to show in proper, technical form the judgment that was, in fact, *rendered* by the court. *Gebbie v. Mooney,* 121 Ill. 255; *Chicago, M. & St. P. Ry. Co. v. Walsh,* 150 Ill. 607; *Metzger v. Morley,* 197 Ill. 208. In the case last cited, the court quotes with approval the following from Freeman on Judgments, sec. 61: ''The entry of a judgment *nunc pro tunc* is always proper when a judgment has been ordered by the court but the clerk has failed or neglected to copy it into the record.'' The only qualification of this rule is that the subsequent order must be based upon ''some note or memorandum from the records or *quasi* records of the

court, or by the judge's minutes, or some entry in some book required to be kept by law, or in the papers on file in the cause." *Wesley Hospital v. Strong,* 233 Ill. 153.

In *Metzger v. Morley, supra,* the trial judge made the following entry upon his minutes at the time of the trial: "Trial by jury and verdict for $1521.09, and motion by defendant for new trial; motion overruled and judg. on verdict for $1521.09; and appeal prayed and allowed; bond in $3,000 in 20 days, to be approved by clerk by agreement; b. of e. in 120 days." At the same time, the clerk made the following entry: "And judgment on the verdict for $1,521.09." Three years later, upon motion and due notice, and upon an inspection of these minutes, the court entered an order in which, after reciting that a judgment had been "pronounced and rendered" on a certain day three years before, in favor of the plaintiff and against the defendant, for the sum of $1,521.09, and costs, and that the clerk "had failed to enter of record said judgment in full and proper form," it was ordered that the clerk enter said judgment of record "in full and proper form" as of the date said judgment was, in fact, "pronounced and rendered." On appeal this order was sustained. The Supreme Court held that the minutes of the judge and the clerk were amply sufficient to authorize the entry of the order and judgment *nunc pro tunc,* saying: "To hold otherwise would be to deprive the court of the power to make its record speak the truth under any and every circumstance."

The order in question in the present case is similar to the order entered in the case last cited, and upon the authority of that case and the others cited above, we think there was no error in admitting the so-called "expanded judgment" in evidence. The *nunc pro tunc* order was the record evidence of the judgment as pronounced by the court on April 7, 1909. The mere fact that such order was entered by another judge than the

one who actually tried the case is immaterial.    We see no reason—and none has been suggested—why any judge of the Municipal Court may not direct the entry of an order of this character in any case in which such a minute has been preserved.   The trial judge could only cause such a record to be made or amended in pursuance of some sufficient note or memorandum found upon the records or  quasi records of the court. He could not do so from his personal recollection. Therefore, the judge who entered the order had before him the same means of information and had the same authority in the matter as the trial judge.

It is next urged that the trial court erred in admitting in evidence the motion of Harold Gillette in the Appellate Court to set aside the judgment of affirmance, and the order of that court denying said motion. It was proper to show that the proceeding in the Appellate Court had been finally disposed of, and, while the evidence in question was perhaps unnecessary, we fail to see how the defendants were, or could be, in any manner prejudiced thereby.   Counsel for plaintiffs in error say that "the jury was bound to get the impression that the Appellate Court was against the position taken by the defendants."   It appears that the grounds of the motion urged in the Appellate Court were the same, in substance, as those which the Supreme Court held were not involved in this case. Hence, if it be assumed that the jury might have received the impression stated, that impression was evidently correct, and not a good cause of complaint.

It is insisted that the court erred in permitting one of the plaintiff's attorneys to testify for the plaintiff over objection.   There is no merit in the contention. While the practice of allowing attorneys to testify in cases in which they appear as counsel has often been criticised and is not to be encouraged, yet they are not disqualified, and an objection to such testimony goes only to its weight and not its competency.   *Wetzel v. Firebaugh,* 251 Ill. 190; *Wilkinson v. People,* 226 Ill.

135. Furthermore, the witness in question withdrew his appearance as an attorney in this case, and most of his testimony related to the amount of work done by the attorneys in the replevin suit, which it would probably have been difficult to prove by any witness not subject to the same objection.

It is next claimed that the court erred in admitting evidence as to the value of the services of two attorneys in the replevin suit, and in instructing the jury that they were to determine whether the services of two attorneys were reasonably necessary in defending the replevin suit. There was evidence tending to prove that there was more work to do than could be properly done by one attorney, and that the defendant in the replevin suit authorized one of the attorneys to employ his partner to assist in the trial. Under the circumstances, we think there was no error in the ruling of the court in this particular.

One Robert P. Tyk was called by the defendants as one of three witnesses as to the value of the automobile. He testified that in 1909 he was an "automobile repair man" at a garage in Chicago where the machine in question was kept; that two years later he engaged in the business of buying and selling automobiles, but prior to that time he had never bought or sold an automobile nor did he know of any sale that had been made of a car like the one in question. The court refused to permit him to testify as to the value of the machine in 1909, on the ground that no sufficient qualification had been shown. We think there was no error in the ruling; for the witness did not claim to know anything (except from hearsay) about the value of automobiles similar to the one in question at the time the same was taken on the replevin writ, and any estimate of value he might have given under such circumstances would have been a mere guess, tending rather to confuse than to enlighten the jury.

644    APPELLATE COURTS OF ILLINOIS.

Hunter v. The Empire State Surety Co. et al., 191 Ill. App. 634.

It is claimed that the court erred in refusing to permit the defendants to make a formal offer, at the close of all the evidence, to return the automobile. The defendants did not attempt to show that any such offer had been made prior to the trial, except as such an offer is contained in one sentence of the second affidavit of merits. The offer made in that affidavit was, "which automobile the defendants hereby tender and offer to return to the plaintiff *if it should be found and held that said replevin judgment is valid.*" As defendants claimed, by another sentence of the same affidavit, that the judgment was invalid, the offer so made was not an unconditional offer, and even this offer was omitted from the amended affidavit of merits that was filed later. In our opinion, the offer to return was properly excluded.

It is urged that the court erred in denying the motions made at the close of the plaintiffs' evidence and at the close of all the evidence to instruct the jury to find for the defendants. This alleged error raises only the question whether there was any evidence in the record fairly tending to prove all the material averments of the plaintiffs' declaration, or statement of claim. *Libby, McNeill & Libby v. Cook,* 222 Ill. 206. There can be no question, we think, that there was evidence tending to support all the material allegations of the statement of claim. It follows that the court did not err in refusing the motions.

An objection is made, but not argued, in the briefs as to the allowance of interest. No error in this respect is pointed out, and we see none. Interest was recoverable by the express terms of the statute. R. S., ch. 74, sec. 2 (J. & A. ¶ 6691).

It is finally suggested, rather than argued, that the court erred in overruling the defendants' motion for a new trial. The bill of exceptions does not show that any such motion was made. The clerk's transcript of the judgment purports to recite that such a motion

was made and overruled, but it has been so frequently and uniformly held that such a recital is not properly a part of the record that no citation of authority is necessary. Therefore, the question whether the verdict was contrary to the preponderance of the evidence was not properly preserved for review.

Finding no reversible error in the record, the judgment of the Municipal Court will be affirmed.

*Affirmed.*