FRED A. RATHJE *et al.* Plaintiffs in Error, *vs.* ELISE WATERLOHN *et al.* Defendants in Error.

*Opinion filed December 22, 1915.*

1. RES JUDICATA—*judgment in ejectment is conclusive.* Under section 34 of the Ejectment act a judgment in ejectment is conclusive against the person against whom it is rendered or those claiming under or through him.

2. COURTS—*when court is without jurisdiction to enter order restoring possession.* An order purporting to restore possession of land to a defendant against whom a judgment in ejectment had been entered more than two years before is made without jurisdiction, where the record does not show that any new trial was granted or that an appeal was prosecuted from the judgment.

3. SOLICITORS' FEES—*when it is error to tax solicitor's fees as costs.* Where a cross-bill filed in a partition suit is not for partition but is in the nature of a bill of review and to remove cloud from title, the court is not authorized, when decreeing relief on the cross-bill, to tax the cross-complainants' solicitor's fees as costs against the complainants in the original bill.

4. FRAUD—*when sale to pay debts is void.* A sale to pay debts, and the deeds based upon such sale, are void, where the evidence shows that a fraud was practiced upon the probate court, that the deceased never had any title to the land, and that the heirs of the real owner, though they must have been known, had no notice of the proceeding, being made defendants in the name of "Foster" whereas the records showed the name to be "Forster."

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding.

SOBOROFF & NEWMAN, (HYMAN SOBOROFF, of counsel,) for plaintiffs in error.

CHARLES H. MITCHELL, for defendants in error.

Mr. CHIEF JUSTICE FARMER delivered the opinion of the court:

The plaintiffs in error, Fred A. Rathje and his wife, (hereafter called complainants,) filed their bill in the circuit court of Cook county, alleging they owned the undi-

vided one-twentieth interest in two lots in an addition to
South Chicago, particularly describing them, and that Elise
Waterlohn was the owner of the other undivided nineteen-
twentieths of the property. The bill prayed for partition
and other relief. The heirs of Charles Forster, Jr., were,
among others, made defendants to the bill. Charles Forster, Mary A. Forster, Louisa M. Hargrove, Clara H. Forster, George F. Forster and John A. F. Forster answered
the bill, denying that the complainants and Elise Waterlohn
owned or had any interest in the premises, and claimed
that they, the said heirs of Charles Forster, Jr., were the
sole owners, in fee simple, of the premises. Said heirs also
filed a cross-bill in the nature of a bill of review, in which
it was alleged that Charles Forster, Jr., acquired title to the
land by warranty deed from Charles H. Nix and wife
March 9, 1881, which deed was duly recorded March 19,
1881; that said Charles Forster, Jr., continued to own the
land until his death, October 21, 1897, when the cross-
complainants inherited the same as his heirs.

It appears from the pleadings and evidence that after
Charles Forster, Jr., acquired title to the land one Henry
Schmidt in some manner acquired possession of the prem-
ises, and Forster recovered a judgment in ejectment against
him for the possession of the property in 1889 and was
put in possession thereof by writ of possession issued pur-
suant to said judgment. Subsequently, Katherina Schmidt,
widow of Henry Schmidt, in some manner acquired pos-
session of the property, and Forster brought an ejectment
suit against her also and obtained a judgment in 1896. By
virtue of a writ of possession issued pursuant to said judg-
ment Mrs. Schmidt was put off the premises and the pos-
session delivered to Forster. The buildings on the premises
were old and of little value and were torn down and re-
moved by Forster, since which time the premises have been
vacant and unoccupied. In March, 1903, Mrs. Schmidt
died intestate and letters of administration on her estate

270 — 41

were issued to Emil Coith. Elise Waterlohn, a sister of
Mrs. Schmidt, filed a claim against her estate for $277,
which was allowed by the administrator, and on December
14, 1905, said administrator filed a petition in the probate
court for the sale of the real estate of Katherina Schmidt
for the payment of said claim. The petition alleged Kath-
erina Schmidt was seized in fee simple of the premises
here sought to be partitioned, by descent from her husband,
Henry Schmidt, as his sole heir-at-law; that said Henry
Schmidt in his lifetime, and his wife after his death, were
in the actual, open, adverse possession of the premises since
the 24th of May, 1882,—a period of more than twenty
years,—and that Katherina Schmidt was in the possession
thereof at the time of her death, and that during all the
time said Henry and Katherina Schmidt had been in the
possession of the premises, they, or someone on their be-
half, had paid all taxes levied against the property. Such
proceedings were had that the premises were decreed to be
sold by the administrator, and at the sale they were bought
by Elise Waterlohn, who subsequently conveyed to com-
plainants the undivided one-twentieth thereof, whereupon
this suit for partition was begun.

The cross-bill alleges that the proceedings in the probate
court for the sale of the premises were had pursuant to a
conspiracy between the administrator, Elise Waterlohn and
others interested, to fraudulently acquire title to the prop-
erty; that the heirs of Charles Forster, Jr., who were the
owners thereof, had no notice of the proceedings, and that
a fraud was perpetrated upon the probate court to obtain
the decree; that the proceedings were void and the sale
pursuant to the decree was obtained by fraud and the deed
made by the administrator was fraudulent and void. The
cross-bill prays that a decree so declaring be entered and
that the administrator's deed be set aside as null and void.

The cause was referred to a master in chancery to take
the testimony and report his conclusions. The master re-

ported that neither Henry Schmidt nor Katherina Schmidt ever had any right, title or interest in or to the premises; that they were owned in fee by the heirs of Charles Forster, Jr., as tenants in common, and he recommended that a decree be entered in accordance with the prayer of the cross-bill, and that the costs of the suit, including $500 as fees of cross-complainants' solicitor, be taxed in their favor and against complainants in the original bill. Exceptions to the report were overruled by the chancellor and a decree was entered finding and adjudging that cross-complainants were the owners of the premises, that they had no notice of the proceedings in the probate court, that the decree in that court for the sale of the property was obtained by fraud, and said decree, and the administrator's deed issued pursuant to the sale thereunder, were set aside as a cloud upon cross-complainants' title. The costs of the suit, including $500 solicitor's fees for cross-complainants' solicitor, were decreed to be taxed as costs. This writ of error was sued out by complainants to review that decree.

So far as the title and ownership of the premises are concerned, and that the proceedings in the probate court were a fraud upon that court, we think the proof abundantly sustains the decree. The proof shows that the taxes on the land had been paid by or on behalf of Forster every year except four years since Forster acquired title, when they were paid by the Schmidts, and one year when the Schmidts paid the taxes on one of the two lots. The proof abundantly shows the Schmidts were never in possession of the premises twenty years. They were in possession of the premises for a time after Forster became the owner but were put out by a proceeding in ejectment in 1891. After Henry Schmidt's death his widow by some means again acquired possession, and by another ejectment suit she was dispossessed in 1896. Forster then had the old buildings on the premises torn down and removed, since which time no one has occupied the premises. The petition for the sale

of the real estate to pay debts of Katherina Schmidt was filed to the January term, 1906. Charles Forster, Jr., had died in 1897. No one by the name of Forster was made a defendant to the petition in the probate court, but Charles Foster, Margaret Foster, Mary A. Foster, Clara H. Foster, George H. Foster, John A. F. Foster and Louisa M. Hargrove were made defendants. It will be seen the christian names of some of these parties correspond with the christian names of the cross-complainants. An affidavit of non-residence of said defendants was filed by the administrator, in which it was alleged that on due inquiry they could not be found and that upon diligent inquiries their place of residence could not be ascertained. Publication notice was made but was not mailed to cross-complainants and they never had any knowledge of the probate court proceedings. It seems very certain it was not intended by the parties responsible for these proceedings that the Forsters should have notice of them. The tax books, for a number of years successively, showed the name and residence of Charles Forster, Jr. In view of the litigation by Charles Forster, Jr., with the Schmidts, involving the title to the land, it is apparent his residence and that of his family could have been ascertained if it had been desired to do so. It seems quite apparent that the death of Charles Forster, Jr., was known to the parties responsible for the probate court proceedings, for his heirs, by the name of Foster, were made parties defendant, and it is incredible that the death of Charles Forster, Jr., and the names of his heirs should have been known to the administrator of Mrs. Schmidt's estate without his having been able to ascertain their place of residence. Without further discussion it seems conclusive that the probate proceedings were a fraud upon the court and that the decree and sale thereunder were void. Furthermore, the judgments in the two ejectment suits were conclusive against the Schmidts and those claiming under them. (Hurd's Stat. 1913, chap. 45,

sec. 34.) They were known to the parties responsible for the probate proceedings but the probate court was not informed of them.

It is insisted by counsel for complainants that the first judgment in ejectment cannot be considered *res judicata* between the parties to it because subsequently an order was made by the court, on the application of Katherina Schmidt, directing that she be restored to the possession of the premises. So far as the record shows, said purported order was void and of no effect. The judgment in favor of Charles Forster, Jr., was rendered at the April term, 1889. A writ of possession was issued June 30, 1891, by virtue of which the occupants of the premises were put off and Charles Forster, Jr., put in possession July 13, 1891. The order purporting to restore Mrs. Schmidt to the possession was made at the November term, 1891. The judgment had been rendered more than two years prior to the entering of said order, and the record does not show that any new trial was granted or that any appeal was prosecuted from the judgment. The court was without jurisdiction to enter the order at the November term, 1891. *People* v. *Petit,* 266 Ill. 628; *Mooney* v. *Valentynovicz,* 255 id. 118.

The cross-bill was not for partition but was in the nature of a bill of review and to remove cloud from title. Complainants had no interest in the property, and we know of no authority for taxing solicitor's fees against them and in favor of complainants in the cross-bill. Certainly it can not be done under the Partition act.

The court erred in taxing $500 solicitor's fees against complainants in the original bill in favor of complainants in the cross-bill, and that part of the decree is reversed. In all other respects it is affirmed. The costs in this court are to be divided equally between plaintiffs in error and defendants in error.

*Decree affirmed in part and reversed in part.*