## Wallace Grain and Supply Company, Appellee, v. C. C. Cary, Appellant.

### Gen. No. 9,490.

Heard in this court at the October term, 1939. Opinion filed January 8, 1940. Rehearing denied February 6, 1940.

C. B. CHAPMAN, of Ottawa, for appellant.

R. A. GREEN and H. L. RICHOLSON, both of Ottawa, for appellee.

MR. JUSTICE HUFFMAN delivered the opinion of the court.

Appellee filed this suit in assumpsit against appellant, to the October term, 1932, of the circuit court of LaSalle county. The declaration consisted of the common counts to which appellant filed the general issue. A trial by jury was had resulting in a verdict for appellee in the sum of $817.33. The verdict was returned at the January term, 1934, of said court. No motions were filed by the defendant. No rendition of judgment was made by the court upon the verdict, and consequently no entry of a judgment by the clerk upon the records of the court. This situation continued until the January term, 1939, when upon motion by appellee for rendition of judgment on the verdict, the court then for the first time rendered judgment. Appellant, by special and limited appearance, made motion that the judgment thus rendered be vacated, on the ground that the court had lost jurisdiction. Appellant's motion was denied and this appeal follows.

Rendition and entry of a judgment are separate acts and different in their nature. The rendition of a judgment is a judicial act, and must be first in the order of time. Its entry upon the record is merely a ministerial act performed by the clerk. *Blatchford v. Newberry,* 100 Ill. 484, 489, 490; *Hunter v. Empire State Surety Co.,* 191 Ill. App. 634; *Phelps v. Hunter,* 195 Ill. App. 181.

Since the rendition of a judgment is a strictly judicial act, it can be performed only at a time at which such judicial action is proper under the law. An attempt to render a judgment at any other time would be an act done without jurisdiction and therefore void.

The rule is well established that a court loses jurisdiction of a judgment after expiration of the term at which such judgment was rendered. *People v. Petit,* 266 Ill. 628, 632, 633; *Rathje v. Waterlohn,* 270 Ill. 640, 645; *People v. Windes,* 275 Ill. 108, 112, 113.

It is also a well established rule that a judgment *nunc pro tunc* cannot be entered at a subsequent term unless, in fact, the judgment was rendered at a pre-

vious term and not entered of record through some neglect or oversight. In such cases, the fact' that the court did render judgment at the previous term, must appear by some memorial paper or minute of record made at such former term. *Stein v. Meyers,* 253 Ill. 199, 205; *Brown v. Hamsmith,* 247 Ill. App. 358, 363, 364.

In view of these two rules, and the circumstances existing in this case, it appears obvious that the court was powerless at the January term, 1939, to render judgment at the January term, 1934. As stated by the second of the above rules, even though a judgment at a previous term has been rendered, it is necessary that a memorial paper or court minute thereof, appear of record, to enable the court, at a subsequent term, to order entry of such judgment.

In this case a general verdict of the jury was returned in favor of appellee and against appellant, in the assumpsit suit tried in 1934. No motions or steps of any kind were taken by the defendant (appellant) following the return of the verdict. The court made no rendition of judgment. The term of court was permitted to lapse. A period of five years has intervened since the return of the verdict. Such lapse of time is unreasonably great. The purpose of rules of this character is not merely to place judgments within the same effective period, upon an equality, but it is of importance otherwise. The interest of society demands that there should be a termination to a controversy, otherwise, rights of innocent third persons may arise which would be adversely affected.

The interruption of judicial proceedings for a period of time such as exists in this case, when the action was ready for the rendition of a final judgment, serves to divest the court of jurisdiction.

Therefore, the judgment rendered is void and should be reversed.

*Judgment reversed.*