No. 12,115.

## JOHNSON v. MOORE.

| | |
|---|---|
| 112 | 91 |
| 114 | 405 |
| 116 | 252 |
| 117 | 16 |
| 120 | 343 |
| 112 | 91 |
| 133 | 504 |
| 112 | 91 |
| 140 | 161 |
| 112 | 91 |
| 149 | 364 |
| 112 | 91 |
| 153 | 90 |

PLEADING.—*Action to Cancel Note and Mortgage.—Not Necessary to File Such Instruments with Complaint.—Exhibit.*—In an action to cancel a note and mortgage, it is not necessary that such instruments be made part of the complaint or filed therewith as exhibits.

PAYMENT.—*Acceptance of Notes as Such.—Cancellation of Mortgage.—Defence.*—Where a mortgagee receives the notes of a third party, importing a consideration, agreeing to accept them in payment of the mortgage debt, such payment, in the absence of fraud, is valid, and the mortgagor may maintain an action for the cancellation of his indebtedness and the mortgage securing it. In such case, the defence that the notes received were worthless, or that there was fraud, if available at all, can only be made so by answer.

PRACTICE.—*Motion.—Rejection of.*—Where a motion shows on its face a right to the relief it asks, it can not be rejected on the motion of the adverse party.

SAME.—*Nunc pro Tunc Entry.—Memorandum of Record.*—A paper containing a calculation made by the judge who tried the case, and which was by him certified to have been filed and treated as a paper in the case, is such a memorandum of record as authorized a *nunc pro tunc* entry correcting the amount of the judgment.

From the Huntington Circuit Court.

*G. W. Harvey*, for appellant.

*N. Morris* and *L. Newberger*, for appellee.

ELLIOTT, J.—The appellee sought by his complaint to secure the cancellation of a note and mortgage held by the appellant.

The complaint does not file the note and mortgage as exhibits, nor set them forth, but it is not for this reason bad on demurrer. These instruments are not the foundation of the suit, and are not within the rule requiring written instruments to be made part of the complaint. No recovery is sought on the note or mortgage; but, on the contrary, the object of the suit is to secure their legal destruction.

Johnson *v.* Moore.

The complaint alleges that the appellant received from the appellee, as collateral security, two promissory notes executed by Elisha B. Joy, and agreed to collect them, but that he failed to do so, and brought suit against the appellee on the note and mortgage he seeks to have cancelled. If the complaint did not go further than this, there might be some force in the appellant's point that it does not show that the notes of Joy could have been collected; but the complaint goes much further, for it avers that, after the suit was brought against the appellee on the note and mortgage he here seeks to have cancelled, it was agreed that the appellant should take the Joy notes in full payment. If, as the complaint avers, the note and mortgage were paid, then the appellee has a clear right to a decree for their cancellation.

The notes executed by Joy import a consideration and presumptively were of value; and as the appellant agreed to accept them in payment of his claim, and got the consideration he contracted for, the payment is valid. *Wolford* v. *Powers*, 85 Ind. 294 (44 Am. R. 16). If the notes of Joy were worthless, or if there was fraud, these defences, if available to appellant at all, could only be made available by answer.

The appellant insists that the court erred in overruling his motion to reject a motion made by the appellee for a *nunc pro tunc* entry. If in any case a motion to reject a motion for a *nunc pro tunc* entry is proper, it certainly was not in this; for the motion, on its face, showed a clear *prima facie* right to the relief asked. Where a motion shows on its face a right to the relief it asks, it can not be rejected on the motion of the adverse party.

The paper containing the calculation made by the judge who tried the case was by him treated and filed as a paper in the case, for he so certifies. We think, therefore, that there was a memorandum of record which authorized the *nunc pro tunc* entry, correcting the amount of the judgment. *Rhoads* v. *Commonwealth*, 15 Pa. St. 272; *Mattheson* v. *Grant*, 2

How. U. S. 263; *Frink* v. *Frink*, 43 N. H. 508; *Weed* v. *Weed*, 25 Conn. 337; *Hollister* v. *The Judges*, 8 Ohio St. 201. Judgment affirmed.

