Kleyla *et al. v.* Haskett *et al.*

Filed Dec. 7, 1887.

No. 12,872.

## KLEYLA ET AL. *v.* HASKETT ET AL.

JUDGMENT.—*Irregularities.—Collateral Attack.*—Mere irregularities are not available in a collateral attack upon a judgment.

SAME.—*Drainage Proceeding.—Notice.—Sufficiency.*—Where there was some notice in a drainage proceeding, although defective, a collateral attack upon the judgment can not be maintained.

SAME.—*Pleading.*—*Conclusions.*—An allegation in a complaint to set aside a judgment that "no notice was given as required by law" is a conclusion, as the sufficiency of the notice is a question for the court.

From the Clinton Circuit Court.

*J. Jones,* for appellants.

*J. N. Waugh* and *J. P. Kemp,* for appellees.

ELLIOTT, J.—The appellants' complaint seeks to set aside a judgment rendered by the Tipton Circuit Court in a drainage case.

Several irregularities are pointed out in the proceedings of the court, but these irregularities are not available in this collateral attack. It is too well settled to require the citation of authorities, that mere irregularities can not be taken advantage of in a collateral attack upon the judgment of a court of competent jurisdiction.

If the appellants' complaint showed that the court had no jurisdiction of the cause in which the judgment was rendered it would undoubtedly be good, but this is not shown. The allegations bearing on this point are these: "On the 7th day of February, 1882, a pretended affidavit was presented to the court stating that notice had been given of the intention to file said petition, but in truth and in fact no notice of any kind was ever given as required by law of the intention to file said petition, and that no sufficient affidavit was ever filed in said court showing that notice had been given as required by law." These allegations are plainly insufficient. They are the mere conclusions of the pleader; for whether notices are or are not sufficient, or are not such as are required by law, is a question to be decided by the court, and not by the pleader. *Singer, etc., Co.* v. *Effinger,* 79 Ind. 264.

The vice in these allegations is that of a negative pregnant, for they admit there was some notice, but deny that it was sufficient in law. If there was some notice, and the court adjudged it sufficient, the judgment can not be col-

laterally attacked, although the notice was defective. *Muncey* v. *Joest,* 74 Ind. 409; *McAlpine* v. *Sweetser,* 76 Ind. 78; *Hume* v. *Conduitt,* 76 Ind. 598; *Stout* v. *Woods,* 79 Ind. 108; *Cavanaugh* v. *Smith,* 84 Ind. 380; *Quarl* v. *Abbett,* 102 Ind. 233; *Jackson* v. *State, etc.,* 104 Ind. 516, and authorities cited; *McMullen* v. *State, ex rel.,* 105 Ind. 334; *Pickering* v. *State, etc.,* 106 Ind. 228.

The allegations are insufficient, because they tacitly concede that the record shows that notice was given, and, where this appears, the general rule is that a collateral attack can not prevail. *Baltimore, etc., R. R. Co.* v. *North,* 103 Ind. 486.

The law in force at the time the petition was filed, January 13th, 1882, did not require that notice of the time of filing the petition should be given, but that notice of the "intention to present the petition" should be given. R. S. 1881, sections 4275, 4284.

Judgment affirmed.

