AT INDIANAPOLIS, MAY AND NOVEMBER TERMS, 1925, AND
MAY TERM, 1926, IN THE ONE HUNDRED TENTH AND
ONE HUNDRED ELEVENTH YEARS OF THE STATE.

---

## IN RE SARIC ET AL.

[No. 24,330. Filed November 19, 1925.]

1. JUDGMENT.—*Nunc pro tunc entry of judgment may be made when judge's minute-book shows its rendition, although more than two years expired before application therefor.*—Where the trial judge, on overruling the motion for a new trial, pronounced judgment on the verdict and made an entry in his minute-book to that effect, but the clerk failed to record the judgment in the order-book, the judgment plaintiffs were entitled to have a *nunc pro tunc* entry of the judgment although more than two years had expired before application was made therefor. p. 6.

2. JUDGMENT.—*Lapse of time does not prevent making nunc pro tunc entries of court proceedings omitted from the record.*—Where rights of third persons have not intervened, the mere lapse of time, however long, will not prevent the making of a *nunc pro tunc* entry of court proceedings which have not been entered by the clerk. p. 6.

3. JUDGMENT.—*After rendition of judgment on verdict and making proper minute thereof, court had no power, at subsequent term, to render different judgment on previous verdict in another court before transference on change of venue.*—Where a court rendered a final judgment on overruling a motion for a new trial, and made a sufficient minute of the fact, it had no power, at a subsequent term, to render a different judgment based on a verdict in a previous trial in

another court before the cause was transferred on change of venue, especially where such verdict had been set aside by granting a new trial. p. 6.

4. JUDGMENT.—*Power of court to modify or change a judgment ends with close of term at which rendered.*—The power of a court over its judgment in the matter of modifying or changing it, or substituting a different judgment for the one first announced, ends with the expiration of the term at which it was rendered. p. 6.

5. JUDGMENT.—*After expiration of term at which judgment rendered, court has no power to render different judgment, and order-book entry, that it has done so would not preclude application for nunc pro tunc entry of original judgment.*— Where the term of court at which a judgment was rendered had expired, the court had no jurisdiction to render a different judgment on a previous verdict which had been set aside by the granting of a new trial, although the judgment first rendered had not been entered in the order-book, and an order-book entry reciting that it had done so would not preclude an application for a *nunc pro tunc* entry of the judgment as originally rendered. p. 7.

6. ATTORNEY AND CLIENT.—*Authority of attorneys appointed to prosecute proceeding to disbar attorney, assumed to continue until judgment rendered properly entered in order-book.* —The statute authorizes the appointment by the court of attorneys "to draw up and prosecute the accusation" in a proceeding to remove or suspend an attorney (§1047 Burns 1926, §1011 Burns 1914, §976 R. S. 1881), and in the absence of a showing that their authority has been terminated by their removal, resignation or death, their authority will be assumed to continue until the judgment rendered therein is made effectual by being properly entered in the order-book. p. 7.

From Jasper Circuit Court; *George A. Williams,* Judge.

Proceeding to disbar Lazar W. Saric and Paul E. Crundwell. From a judgment overruling a petition for entry of judgment *nunc pro tunc,* the committee appointed to prosecute the proceeding appeals. *Reversed.*

*J. B. Peterson, George E. Hershman, Otto J. Bruce, Foster Bruce* and *Abraham Halleck,* for appellants.

*J. W. Brissey* and *Bomberger & Morthland,* for appellees.

EWBANK, J.—Appellees were the respondents below. In December, 1917, the circuit court of Lake county, Indiana, appointed a committee to investigate certain charges against them, they being at the time attorneys practicing in said court. The committee filed a complaint alleging that respondents had done a number of acts for which it asked that they be disbarred. Issues being joined, the cause was tried, in March, 1918, by a jury that returned a verdict, as follows: "We, the jury find against the defendants that they be suspended from practice as attorneys for a period of one day," but without otherwise indicating whether or not the charges or any of them were found to be true. The committee filed a motion for a new trial for each of six alleged reasons, among which were that the verdict was contrary to law and to the evidence, and that it was erroneous because of alleged misconduct of the jury. This motion was sustained and a new trial was granted, to which the respondents did not reserve an exception. But they applied for and were granted a change of venue, and the cause was then tried in Jasper county by a jury which on October 8, 1919, returned a verdict, as follows: "We, the jury, find for the plaintiffs, that the defendants are guilty as charged in the amended complaint and that they should be disbarred from the practice of law."

A motion for a new trial was duly filed by the respondents, and under date of September 28, 1920, an entry was made in the order-book that this motion was overruled, that each defendant excepted, that ninety days were given for filing all bills of exceptions, that defendants prayed an appeal, and that an appeal was granted on filing on appeal bond within thirty days in the penalty of $200, with W. L. Wood as surety thereon. Ten days later, respondents filed an appeal bond in the penalty and with the surety as required, and a

month afterward filed with the clerk a *praecipe* for a
certified transcript of the record, "to be used on appeal
to the Supreme Court of the State of Indiana." More
than two years thereafter, the persons originally ap-
pointed by the Lake Circuit Court to investigate and
file the charges, assuming to act as such committee, filed
a verified petition which stated that after the verdict
last above set out was returned and the motion for a
new trial was filed, at the time when that motion was
overruled, on September 28, 1920, the trial judge orally
"pronounced judgment on the verdict of the jury," in
addition to ruling on the motion for a new trial, grant-
ing time within which to file bills of exceptions, fixing
the appeal bond and approving the surety; that he then
"made a record of such ruling  *  *  *  and his pro-
nouncement, in the court's minute book, which entry
made by the judge was in the following words and fig-
ures, to wit: 'September 28, 1920. Motion for New
Trial over. & Resp. sep. & sev. ex.  Judg. on Verdict.
Appeal Prayed to Supreme Court.  granted.  90 ds.
All Bill ex.  Bond 200.00.  30 days with W. L. Wood
surety approved.' "  And that thereafter the bond and
*praecipe* were filed, as stated above.  And the petition
alleged that, through mistake and oversight, the clerk
failed to write into the order-book entry of such action
by the court "the judgment as pronounced and rendered
by the judge of this court."  Notice having been served,
each respondent moved to strike out the petition for an
entry of the judgment *nunc pro tunc*, for the alleged rea-
sons:  (1) That the committee had long since dis-
charged its duties and ceased to exist; (2) that the
motion came too late; and (3) that by reason of an
order-book entry made by the circuit court of Jasper
county in May, 1921, purporting to render judgment
on the verdict returned in Lake county in March, 1918,
before the motion for a new trial had been sustained or

the venue changed, its authority had been exhausted. In return to a writ of *certiorari*, the clerk has certified an entry in the order-book of the Jasper Circuit Court, under date of May 7, 1921, as follows:

"Come the parties hereto and the defendant Paul Crundwell now files his motion to render judgment on the verdict heretofore, to wit, on March 29, 1918, returned by the jury in the Lake circuit court in this cause, which motion is in these words (insert). And the court having examined said motion and being sufficiently advised in the premises finds that said motion should be and the same is hereby sustained, to which ruling of the court the committee excepts. It is therefore considered and adjudged by the court that the defendants Lazar W. Saric and Paul Crundwell be and they are hereby suspended from the practice of law in the State of Indiana for the period of one day from the date hereof, to which the committee now excepts. And the committee now file their motion for a new trial in these words (insert). It is further ordered that the defendants pay the costs of this proceeding to and including the 29th of March, 1918." But the motions of respondents to strike out the petition for an entry of judgment *nunc pro tunc* was overruled, and each of them excepted. The matter was then submitted for trial, when the foregoing verified petition asking that an entry be made *nunc pro tunc*, the minutes made by the judge on September 28, 1920, as recited above, and the appeal bond and *praecipe* afterward filed by respondents, were introduced and read in evidence. And this was all the evidence in the cause, upon which the trial court overruled the petition and entered a judgment to that effect, from which this appeal was taken.

The undisputed evidence that after the verdict finding that respondents should be disbarred had been returned, the trial judge, on overruling the motion for a

new trial, "pronounced judgment on the verdict," and at the time wrote in his minute book "Judg. on verdict," but that the clerk failed to record the judgment in the order book, fully and clearly established the right of petitioners to have the judgment entered as of the date when it was rendered, unless one or more of the objections to such action urged by respondents is well taken. *Chissom* v. *Barbour* (1885), 100 Ind. 1, 6, 7; *Meranda* v. *Spurlin* (1885), 100 Ind. 380, 385; *Metzger* v. *Morley* (1902), 197 Ill. 208, 64 N. E. 280, 90 Am. St. 158; *In re Cook* (1888), 77 Cal. 220, 17 Pac. 923, 1 L. R. A. 567, 11 Am. St. 267. The mere lapse of two years or more after its rendition before the application to have the judgment recorded *nunc pro tunc* was presented was not a bar to the proceeding. No rights of third persons are shown to have intervened, and such corrections have been made after a much longer time. *Chissom* v. *Barbour, supra,* and cases cited; *Reid* v. *Morton* (1886), 119 Ill. 118, 6 N. E. 114; *Rogers* v. *Bigstaff's Exr.* (1917), 176 Ky. 413, 195 S. W. 777; 1 Freeman, Judgments (5th ed.) §130.

And if the Jasper Circuit Court had rendered final judgment disbarring appellees upon overruling the motion for a new trial in September, 1920, and had made a sufficient minute of that fact, in writing, at the time it was without jurisdiction at a subsequent term to do anything more in the case, except to record the judgment so rendered. Its power did not extend to the rendition of an entirely different judgment, based on a verdict long before returned in the Lake Circuit Court, which that court had set aside by granting a new trial before the cause was transferred, on change of venue, to the circuit court of Jasper county, which assumed to render the later judgment. The power of the court over its judgment in the matter of modifying or changing it, or substituting a dif-

ferent judgment for the one first announced, ended with the expiration of the term at which the judgment was rendered. *Kirby* v. *Bowland* (1879), 69 Ind. 290; *Seig* v. *Long* (1880), 72 Ind. 18; *Harris* v. *Tomlinson* (1892), 130 Ind. 426, 432, 433, 30 N. E. 214; 1 Freeman, Judgments (5th ed.) §§131, 196.

Counsel for appellee insist upon the power of the court over its own records, and "to correct an error of any other court having prior jurisdiction of the cause, at any time before final disposition thereof." But that proposition begs the question in issue, which is whether or not "final disposition" of the cause had been made by the rendition of final judgment in September, 1920, although the judgment was not properly entered in the order book. The undisputed evidence in this case is that such a final judgment was rendered, orally, upon overruling the motion for a new trial, and that a sufficient minute of that fact was made by the judge at the time. That being true, the Jasper Circuit Court would have no jurisdiction to render and enter a different judgment in 1921, and the order-book entry reciting that it did so is no bar to this action to procure the recording, *nunc pro tunc,* of the judgment as originally rendered.

The statute provides for the appointment by the court of attorneys "to draw up and prosecute the accusation" in proceedings to remove or suspend an attorney. §1047 Burns 1926, §1011 Burns 1914, §976 R. S. 1881.

And, in the absence of any showing that their authority has been terminated by their removal, resignation or death, there can be no presumption that it has ended until the judgment of the court in the proceeding shall have been made effectual by being properly recorded.

The judgment is reversed, and the cause is remanded

to the Jasper Circuit Court with directions to enter judgment as of September 28, 1920, on the verdict which was returned in that court on October 8, 1919.