## PENN ET AL. *v.* DUCOMB ET AL.

[No. 26,831. Filed October 26, 1937. Rehearing denied January 3, 1938.]

*Hammerschmidt & Johnson, Seebirt, Oare, Deahl & Omacht, Ralph E. Allen* and *Russell C. Kuehl,* for appellants.

*Parker, Crabill, Crumpacker, May & Carlisle, Miller Guy* and *Jones, Obenchain & Butler,* for appellees.

ROLL, J.—In 1929 certain land owners filed a petition with the board of commissioners of St. Joseph County for the reconstruction and repair of what was known as the Coquillard ditch located in said county, which ditch had been established by the board of commissioners of said county in 1881. It appears that a remonstrance to said petition to reconstruct and repair said ditch was filed by some of the land owners affected by said proposed project. A hearing was had before the board and on the 30th day of September, 1930, the remonstrance was sustained on the second, fourth, fifth, sixth, and seventh causes therein assigned and specifically found that the proposed work would not be of public utility and that the expense would exceed the benefits derived therefrom and dismissed the petition at the cost of the petitioners. The petitioners filed a motion for a new trial which was overruled. An appeal was granted to the circuit court upon filing of an appeal bond to the approval of the auditor. The appeal bond was filed and approved by the auditor and the auditor was ordered to file a transcript of the proceedings with the county clerk. The above record bears date of October 27, 1930. The auditor's transcript of the proceed-

ings before the board of commissioners was filed with the clerk of St. Joseph Circuit Court on June 17, 1935. In February, 1936, the drainage commissioners appointed by the board of commissioners filed a supplemental report which received the approval of the court. No record appears that the drainage commissioners were ever requested or ordered to submit a supplemental report. On April 9, 1936, the date upon which the supplemental report of the drainage commissioners was approved, the court entered an order establishing the ditch, and authorized the drainage commissioners to receive and accept bids for the proposed work. The record discloses that on May 27, 1936, Phillip R. Gilliam, drainage commissioner, filed his construction bond, which was approved by the court.

On June 23, 1936, Elmer R. Knapp, as principal, and the American Surety Company of New York, as surety, filed his bond as the contractor on said proposed work, which bond was approved by the court.

On September 15, 1936, four separate petitions to strike out the supplemental report and to dismiss the appeal were filed. These petitions were filed by Jacob Rothschild and sixteen others; the second was filed by Delbert Shimp and eighty-one others; the third was filed by Alexis and Joseph A. Coquillard, and the fourth by the Grand Trunk Railroad Company. The reasons assigned in each of these petitions were the same. They challenged: (1) The jurisdiction of the court of said proceeding; (2) that the court did not at any time refer the petition back to said drainage commissioners for an amended report or supplemental report; (3) that the court did not at any time set aside the report filed before the board of commissioners, and at no time did the court fix a time or place for the drainage commission to meet or a time for them to file their report.

On their motion to dismiss they urged that the record showed that the board of commissioners entered judgment dismissing the petition on October 27, 1930, and an appeal was prayed and granted to the circuit court and an appeal bond was filed on that day, but the transcript of the proceeding before the board of·commissioners was not filed with the clerk until June 17, 1935. This presents the decisive question on this appeal.

These proceedings were instituted before the board of county commissioners of St. Joseph County by virtue of §6194 Burns Ann. St. Supp. 1929. The right to an appeal to the circuit or superior court is given by §6194 Burns Ann. St. Supp. 1929, Acts 1927, ch. 60, §1, p. 156, 158 and gives such court upon appeal the same power to hear and determine such matter as if it originated in such court. This part of the statute provides as follows:

> "If any landowner shall be dissatisfied with the judgment of such board, he shall have the right to appeal therefrom in the same manner that appeals are taken from other decisions of such board; and the court to which such appeal is taken shall have the power to hear and determine such matter as if it originated in such court."

This section further provides (p. 157) :

> "Appeal from the action of the county board on the report of the drainage commissioners may be taken to the circuit or superior court of the county within the time and in the manner provided in case of appeal from the action of the circuit court or superior court to the supreme court, and a like appeal, taken within time and in like manner, may be had to the supreme court from the decision of the circuit or superior court on the appeal from the board."

Section 6174 Burns Ann. St. 1926, Acts 1917, ch. 90, §1, p. 292, 296, in part provides:

> "The order of the court approving and confirming the assessments and declaring the proposed work of drainage established shall be final and conclusive, unless an appeal therefrom to the su-

preme court be taken and an appeal bond filed within thirty (30) days, to the approval of the court or the clerk in vacation. A transcript of the record on such appeal and all bills of exceptions shall be filed in the office of the clerk of the supreme court within sixty (60) days after the filing of the appeal bond."

It will thus be seen from the provisions of the second quoted excerpt from the statute that appeals from the actions of the board to the circuit or superior courts are to be taken within the time and manner as appeals are taken from the circuit or superior courts to the Supreme Court. The time and manner of taking an appeal from the action of the circuit or superior courts is found in the quoted excerpt from §6174, *supra*. This statute is clear and definite in its terms. One of the necessary steps in perfecting an appeal from the circuit or superior court to the Supreme Court is to file an appeal bond within thirty days to the approval of the court or the clerk in vacation. Another necessary step in perfecting the appeal is to file a transcript of the record on such appeal in the office of the clerk of the Supreme Court within sixty days after the filing of the appeal bond.

In this case the attempted appeal from the action of the board of commissioners was the sustaining of the remonstrance filed to the report of the drainage commissioners. From this action appellants attempted to appeal to the circuit court of St. Joseph County. They filed their appeal bond within the time allowed, but did not file a transcript of the proceedings in the office of the clerk of St. Joseph County for more than four years after the appeal bond was filed. These steps are jurisdictional and unless complied with, the court never obtained jurisdiction of the subject matter and there is no case on appeal. This question has been decided by this court in a great num-

ber of decisions and seems definitely settled. See *Brady* v. *Garrison* (1912), 178 Ind. 459, 460, 99 N. E. 738, and cases there cited.

The question here presented was presented to this court in the case of *Kosta* v. *Zickmund et al.* (1929), 200 Ind. 605, 165 N. E. 433, and it was held in that case that there was no error by the trial court in dismissing the appeal on the ground that the transcript of the proceeding before the board of county commissioners was not filed within sixty days after the appeal bond was filed.

Having determined that the circuit court acquired no jurisdiction of the cause, and that it was not error to dismiss the appeal, other questions presented by appellants' brief need not be discussed.

Judgment affirmed.

## ON REHEARING.

ROLL, C. J.—Appellant Elmer R. Knapp has filed his separate petition for a rehearing, alleging error of this court in not holding that the doctrine of equitable estoppel applied as to him. He cites cases decided by this court, where the property owners, with knowledge of proceedings had, and work done, without objections, where it was held that in an action by the contractor to enforce liens to pay for the work, the property owners were estopped to question the validity of the proceedings. But those cases were quite different from the case at bar. The record before us discloses some very interesting facts. We mention some of them. The board of county commissioners of St. Joseph County, Indiana, on October 27, 1930, sustained a remonstrance to the report of the drainage commissioners and dismissed the petition. Appellant Penn prayed an appeal to the circuit court, and filed appeal bond on that day. No transcript of the proceeding had before the board

of commissioners was filed with the clerk of the circuit court until June 17, 1935. On October 23, 1935, William A. Bertsch was appointed special judge and qualified. The next step taken in said cause was on February 26, 1936. On that day the drainage commissioners appointed by the board of county commissioners filed what they denominated a supplemental report. An examination of this report as it appears in the record discloses that this report does not attempt or in any manner purport to supplement the original report filed with the board but is a new and complete report in all its parts. The specifications are complete in all its details. A great number of parcels of real estate included in the original report are omitted from the second report. The length of the ditch was shortened, and all the assessments of benefits were changed. The court did not request a new report and no time was ever set for them to make any report. No notice of the new assessments against the real estate was given to the property owners, but on April 9, 1936, the court approved the original report and also the supplemental report, and entered judgment establishing the ditch, and assigned the same to Phillip R. Gillin, one of the drainage commissioners, for construction. On May 27, 1936, said Gillin filed his bond as construction commissioner. On June 23, 1936, the drainage commissioner filed what purports to be the bond of Elmer R. Knapp as principal and the American Surety Company of New York as surety, for the faithful performance of his contract on three separate ditches, including the repair of the ditch involved in this appeal. On September 15, 1936, appellees filed their motions to strike out the supplemental report of the drainage commission and also asked that the proceeding be dismissed. Up to this time appellant Knapp was not a party to the proceedings. On the last date above mentioned appellant Knapp appeared by counsel and

submitted arguments on the motions filed by appellees. On October 8, 1936, the drainage commissioner filed what was marked a partial report of the work done. By this report it appears that some time after September, 1935, the remonstrators and other persons interested in said ditch held a meeting at the "Stukey School House" for the purpose of discussing said ditch and the proceedings, and that said parties on their own initiative employed a competent engineer to advise said parties concerning said ditch. That on November 25th another meeting was held, at which meeting the engineer employed made a report and after this report was made, it is alleged that: "said parties tentatively agreed upon new specifications, which are set out in the supplemental report herein." The report further shows that no contract was ever let for the construction of said work to anyone. On the contrary the report shows that the construction commissioner leased a "drag line excavating machine, operated on caterpillars with 1½ yard capacity, heavy type buckets, with at least 110 H. P. gasoline engine, on cables, mats and necessary equipment. . . ." For the use of the above machinery appellant Knapp was to receive $.0445 per cubic yard excavated by said machine. That the work was performed by the Civilian Conservation Corps. That the work was commenced on July 3, 1936, and continued until September 8, 1936, and that during that time 26,166.4 cubic yards of dirt was excavated at a cost of $1,164.41.

The record further shows that on October 8, 1936, William H. Penn et al. filed answer to appellee's motion to strike out the supplemental report and to dismiss the appeal, and on the same day appellant Knapp asked leave of court to intervene, and over objections of appellees the court permitted Elmer R. Knapp to file "remonstrance against dismissal of appeal and petition

to apportion and levy assessments." Appellant Knapp alleges in substance in his "remonstrance" and "petition" that he entered into the contract with the ditch commissioners in good faith, and furnished the drag machine as herein above set out, and that the land owners had knowledge of the work being done and acquiesced therein; made no objections until September 8th, and that said land owners were guilty of laches and should be estopped from questioning the validity of the proceedings, and asked the court to overrule the motion of appellees to dismiss the appeal and that the court retain jurisdiction of the cause and permit appellant Knapp to fully complete his contract, or that the court retain jurisdiction for the purpose of allotting the benefits and levying assessments to pay appellant Knapp the amount due him.

The other appellants' answers alleged knowledge on the part of appellees of the work being performed and urged estoppel on account of standing by without objection. On October 14, 1936, there was a hearing on the above petition and answers, and the matter was continued until November 18, 1936, when the court sustained appellee's motion to strike out the supplemental report and dismissed the appeal. The petitioners filed their motion for a new trial which was overruled. Time was given to appellants within which to file bills of exceptions, but no bills of exceptions were ever filed, and therefore the record comes to us on the pleadings, and without the evidence that was introduced at the hearings.

Appellant Knapp very earnestly contends that the judgment of the St. Joseph County Circuit Court entered on April 9, 1936, establishing and ordering the reconstruction of said ditch was a final judgment, and after the term of court at which it was entered had ended, said cause was no longer *in fieri*

and the court no longer had jurisdiction. After that time the court can make no order changing, modifying or correcting the judgment. This proposition is correct as far as it goes, but it does not state the full rule. The court may change, modify or set aside a final judgment after term, if the party seeking to have the judgment set aside, changed, or modified gives proper notice to the other interested parties, or upon their voluntary appearance. In the case at bar the record shows that all of the appellants voluntarily appeared to appellee's petition to set aside the judgment and dismiss the appeal, and filed answers thereto and appeared and participated in the hearing. This we think gave the court jurisdiction to change, modify, or set aside the judgment as he may determine. *Perkins et al.* v. *Hayward* (1892), 132 Ind. 95, 31 N. E. 670. In the absence of the evidence this court must presume the evidence justified the action of the court.

Appellant also contends that even though the judgment establishing the ditch was void, it could not be set aside in a collateral attack by the losing party. But this was not a collateral attack upon the judgment of the court. It was a petition in the same action to set aside the judgment, strike out the supplemental report, and to dismiss the appeal. That was the sole purpose of the proceeding and appellants entered full appearance and filed answers and participated in a hearing, and thereafter filed a motion for a new trial. It would seem to be a strange doctrine that would permit a party to participate in such a proceeding, and take his chances of a favorable ruling, and in the event he lost, to then contend that the court had no jurisdiction to enter a judgment thereon. We are of the opinion that there is no merit in appellant's position on this point.

Appellant contends that the court should have re-

tained jurisdiction of said cause and permitted appellant Knapp to complete the contract or at least ██ to apportion the benefits and collect an amount sufficient to pay appellant for the work already done. As stated above, the evidence is not in the record, and we are not advised as to what the facts show. From the pleadings it appears that appellant Knapp had no contract for the reconstruction of said drain. It appears from his answer to appellee's petition to dismiss the appeal, that he had leased some machinery to the construction commissioner, and that the Civilian Conservation Corps was in charge of and performed the work. We know of no statute that authorizes such a proceeding, and appellant has pointed out none. Section 6182 Burns Ann. St. 1926 provides, among other things, that, after giving notice for two weeks in a newspaper of general circulation in the county where the lands assessed as benefited are situated (the commission shall) proceed to let such work by contract to the lowest and best bidder. No such contract was let as far as this record reveals. The only thing in the record to show that any money was due appellant Knapp under any contract is his own pleading. The evidence introduced at the hearing may have shown the contrary. At least the record as presented does not affirmatively show that appellant was harmed by the ruling of the court. It may also be noted that in drainage proceedings the court is not given the power or authority to fix and levy assessments against the real estate or collect the same, as appellants are urging in this case.

Appellants contend that appellees were guilty of laches in that they stood by with knowledge that the work was being performed and made no objections. The record discloses that the last entry made during the May term of the St. Joseph

County Circuit Court in this case was to approve the contractor's bond on June 23, 1936. No showing is made as to the date court adjourned the May term. It might have been the next day as far as the record discloses. The record discloses that appellee's petition was filed on the second judicial day of the following September term. The pleading shows that the work was commenced on the 3rd day of July. If court was not in session at that time, and did not convene until September we cannot say as a matter of law that appellees were guilty of laches.

While the record discloses many irregularities and almost a total disregard to statutory provisions governing ditch proceedings, we are fully satisfied appellants have not shown any reversible error.

Petition for a rehearing denied.