CITY OF MICHIGAN CITY, INDIANA *v.* WILLIAMSON.

[No. 27,441. Filed September 16, 1940. Petition to reinstate appeal denied. November 25, 1940.]

*Theron Miller,* of Michigan City, for appellant.
*J. Edwin Smith,* of Gary, for appellee.

SHAKE, J.—On January 26, 1940, the LaPorte Circuit Court entered a judgment in an action therein pending to the effect that an order of the board of public works and Safety of Michigan City dismissing the appellee from its police force was entered without affording the appellee a fair hearing and that said order of dismissal was illegal. On February 1st the city filed a petition for a rehearing, which was denied on the same day. Thereafter, on February 8th, the city filed a motion to modify the judgment, which was overruled on April 8th. The city thereupon prayed an appeal to this court and the transcript was filed on July 6, 1940. The appellee has moved to dismiss on the ground that the appeal was not taken within 90 days, as required by rule 1 of this court adopted on June 21, 1937. If time is to be computed from the date when the judgment was entered or the motion for rehearing was denied, the appeal comes too late, but if it runs from the overruling of the motion to modify, the case is properly before us.

The appellant relies primarily upon *Pittsburgh, etc., R. Co.* v. *Kearns* (1921), 191 Ind. 1, 128 N. E. 42. In that case, which was an ordinary civil action, this court held that the filing of a motion to modify a judgment during the term at which it

is rendered suspends and postpones the finality of the judgment until the motion is ruled upon. The conclusion was reached that a motion to modify made while the case is *in fieri* is a direct attack and prevents the judgment from becoming such a final determination as will cause the time for taking an appeal to begin to run. It is to be noted, however, that the proceeding which resulted in the judgment from which relief is here sought is special. The statute provides, among other things, that such proceedings are not civil actions within the contemplation of the code; that they shall take precedence over other pending litigation; that they may be tried in vacation as well as in term; that either party may petition for a rehearing within 10 days after a decision; and that the judgment shall become final when the petition for a rehearing is denied. Acts 1935, ch. 282, § 1, § 48-6105, Burns' 1933 (Supp.), § 11478, Baldwin's 1934. These features indicate a clear legislative intent that such proceedings should be treated in a summary manner. It was the evident purpose of the Legislature to require persons aggrieved by judgments rendered in these proceedings to present all their objections thereto, including objections as to matters of form, by petition for a rehearing within 10 days after judgment.

There is no statutory authority for the motion to modify a judgment in any case. The procedure is a creature of the common law, designed to afford trial courts a timely opportunity to correct errors in the form of their judgments and thereby obviate unnecessary appeals. We are not disposed to extend its application beyond those situations in which it has already been recognized. The remedy was not intended to afford an unsuccessful litigant the option to obtain an automatic extension of time to take his appeal.

The present rules of this court provide that the "transcript of the record must be filed in the office of the clerk of the court to which the appeal is taken within 90 days from the date of the judgment or the ruling on the motion for a new trial." Rule 2-2, 1940 Revision, Rules of the Supreme Court of Indiana. The logic of the Kearns case, *supra,* may be doubted, but inasmuch as the efficacy of the motion to modify, as a means of postponing the finality of a judgment for purposes of an appeal, has been strictly limited to those situations where the motion is filed during the term at which the judgment is rendered, it necessarily follows that it would be unavailable for that purpose where the case is tried, judgment rendered, and the petition for a rehearing denied while the court is in vacation. A case could not be regarded as *in fieri* for any period of time after a judgment rendered in vacation had become final. In the interest of a uniform and settled practice, a remedy should not be allowed in cases tried in term that could not be utilized in like cases tried in vacation where the statute permits that to be done. For the reasons stated, we have concluded that the motion to modify the judgment has no place in the procedure applicable to a case of this character.

The appellee's motion to dismiss is sustained.

NOTE.—Reported in 28 N. E. (2d) 961.