WAGNER ET AL. *v.* MCFADDEN ET AL.

[No. 27,405. Filed February 12, 1941. Rehearing denied April 10, 1941.]

*Rhoads & Jacobs,* of Indianapolis, for appellants.

*Elmer Q. Lockyear, Theodore Lockyear,* and *Charles Eichel,* all of Evansville, for appellees.

ROLL, J.—Appellees, as plaintiffs, had commenced an action to obtain an injunction and accounting against appellants. Appellants prevailed in this action and a decree was entered in their favor. Appellants now file this petition, alleging a violation of the decree by appellees, who were the losing parties in the first action.

Appellees filed their motion to strike out appellants' petition which the court sustained. This action of the court is the only error assigned on this appeal.

It appears from the original complaint for an injunction and accounting filed by appellees that there had arisen a factional dispute between the members of said union, which had resulted in dividing them into two rival groups. The plaintiffs claimed that they were the majority group and that their officers were the legal officers of the union and were entitled to the money, property, books, records, and the office belonging to the

union. It is alleged in the complaint that the defendants were the minority group and that they were in possession of the office and had control of the books, records and funds of said union. The complaint further alleged that the money on deposit was subject to the withdrawal from the bank by the trustees of said local union and that the same would be withdrawn and lost to the plaintiffs unless the bank and the defendants be restrained from so doing. The prayer was for an injunction and an accounting.

Appellants answered by two paragraphs. The first was a general denial and the second paragraph denied specifically the material allegations of the petition. They denied that there were two factions in said union. They alleged that the plaintiffs do not represent either Local No. 265, of the International United Automobile Workers of America; that the plaintiffs have no just claim to any of the property, funds, premises, papers, or the name of the International Union, United Automobile Workers of America. This answer closed with a prayer for costs.

The court found for the defendants and entered the following judgment:

"It is, therefore, considered, adjudged, and decreed by the court that the plaintiffs take nothing by their cause of action herein, and that the defendants recover of and from the plaintiffs all costs laid out and expended, all of which is duly ordered by the Court, this, the 22nd day of September, 1939."

After the close of the term at which the above judgment was entered, this action was filed by the defendants in the original action to enforce the above and foregoing decree, and was denominated a "petition to enforce decree in Equity." In their petition, the appellants set out the substance of the facts alleged in the

original complaint and the answer. They also set out the finding of the court and the judgment entered therein and set out above. They further alleged that said judgment was never appealed from and that the same is still in full force and effect. It is then alleged that notwithstanding the above, said plaintiffs thereafter used and continued to use the name United Automobile Workers of America, Local No. 265, International Union, United Automobile Workers of America, as though they were officers and members of said union, and as though no judgment or decree settling same had ever been entered. The petition also alleges that they, (the defendants) are the legal officers and members of said union and also sets out the object and purpose of said union.

Upon the above record they asked the court to restrain the plaintiffs from the further use of said name.

Plaintiffs filed a motion to dismiss the petition upon the ground that the court was without jurisdiction to entertain such a petition, the same being after the term at which the judgment was rendered, and for other causes therein set out. This motion was sustained and, as stated above, the action of the court in dismissing appellants petition is the only error assigned on this appeal.

Appellants rely upon the rule as laid down in the case of *Root* v. *Woolworth* (1893), 150 U. S. 401-411, 37 L. Ed. 1123-1125, and *Rooker* v. *Fidelity Trust Co.* (1925), 196 Ind. 373, 145 N. E. 493.

These cases have no application to the case at bar. In the above cases the judgment was for the plaintiffs and a writ of assistance was issued by the court of equity to carry in to full effect the judgment already entered; but, here there was no cross-complaint filed. The second paragraph of appellants'

answer was no more than a general denial. It did not place in issue anything more than did the first paragraph. The issue was therefore closed by the answer in general denial which placed upon the plaintiffs the burden of proving all the material allegations of their complaint. The judgment of the court was, "that plaintiffs take nothing by their complaint and that the defendants recover their costs." No affirmative relief was asked by defendants by any pleading and none was granted them by the judgment. The court adjudged that the plaintiffs did not prove their complaint and that they were not entitled to the relief demanded. It made no affirmative adjudication as far as the defendants' title and rights are concerned. Had appellants desired an adjudication of their rights in the subject-matter, they should have filed a cross-complaint. They cannot by a petition to enforce the decree have adjudicated this issue and thus obtain such relief. A court, after term has no jurisdiction to change, modify, or add to its original judgment, and to render an additional judgment on questions not presented by the issues.

Judgment Affirmed.

Richman, J., not participating.

NOTE.—Reported in 31 N. E. (2d) 628.