CLOUSER ET AL. *v.* MOCK ET AL.

[No. 29,594. Filed January 26, 1959.]

*Oliver D. Wheatley,* of Tipton, and *Campbell, Campbell, Malan & Kyle,* of Noblesville, for appellants.

*Richard O. Regnier,* of Tipton, for appellees.

ARTERBURN, J.—This action arose out of proceedings in the trial court for the repair of an open public drain. Upon the filing of the preliminary report of the surveyor and viewers, the trial court fixed the 17th day of November, 1955, for a hearing thereon before the surveyor. (Burns' §27-113, 1946 Repl.) On that date the appellants filed separate remonstrances or objections to the report. Thereafter, on November 22, 1955, the surveyor and engineer filed in the trial court a report of his final decision as to all changes made. On December 14, 1955, the court made the following record:

> "More than ten days having elapsed since the filing of the supplemental report and no remonstrances having been filed, the report and the supplemental report of the surveyor are approved, the assessments, benefits and damages as reported are approved, confirmed and ordered certified for collection, and the work ordered. Referred to the surveyor for construction which report and supplemental report are as follows, . . ."

Thereafter, on February 26, 1957, (over fourteen months later) the appellants filed a motion to modify the judgment which, in effect, asked the court to reverse its judgment and refer the previously confirmed report back to the surveyor and the viewers for reconsideration.

The appellants contend in their motion to modify the judgment, among other things, that the judgment is erroneous and "void" because it was entered without any hearing on the remonstrances of the appellant and the judgment was incomplete in that it did not set out in the order book a detailed description by metes and

bounds of the drainage system nor the plans and specifications with reference to its construction. Burns' §27-112, 1948 Repl., provides that the court in drainage proceedings shall fix the date for hearing on the preliminary report and Burns' §27-113, 1948 Repl., provides that the hearing shall be held by the surveyor. It reads in part as follows:

> *"Hearings on report of surveyor.*—Upon the date fixed by the court, or the judge thereof in vacation, for the hearing on such report, the surveyor, or surveyors, if a joint ditch, shall be present at the clerk's office of the court of the county in which such proceedings are pending, and shall hear and determine all objections made to such apportionment and assessments. He may adjourn the hearing from day to day, or from time to time, or to any other suitable or available room in the court-house of such county, as may be deemed necessary, until all objections are heard. All persons interested shall take notice of any such adjournment without further notice. All objections to such apportionment and assessments shall be verified . . ."

After the surveyor has heard objections, the above section further provides that he shall make a report of his final decision to the court as to any changes therein. Burns' §27-114, 1948 Repl., then provides:

> "Any owner of lands affected by the work proposed or reported, benefited or damaged, may remonstrate against the final decision of the surveyor to the court, or the judge thereof in vacation, where the petition was filed, within ten [10] days, . . ."

It is quite apparent that the appellants in this case did not follow the statutory procedure in presenting any remonstrance for the consideration of the court within 10 days after November 22, 1955, when the surveyor filed a report of his final decision.

The appellants complain that they were unaware

that the surveyor filed his final report on November 22, 1955, and they had no actual notice of the running of the ten day period within which to file a remonstrance. We recognize the statute does not direct that a definite time be fixed for the filing of the final decision of the surveyor nor that any notice of the filing be given to interested parties so that they may know when the ten day period for filing remonstrances before the court begins to run. However, such changes in the law are for the legislature to make, not the courts.

During the time a court has jurisdiction of the parties in proceeding, they must keep themselves informed of the steps taken in the case and are bound by the court's action therein without special or additional notice.

"A party properly brought into court is chargeable with notice of all subsequent steps taken in the cause down to and including the judgment, although he does not in fact appear and has no actual notice thereof." *Flanders* v. *Ostrom, Rec.* (1933), 206 Ind. 87, 97, 187 N. E. 673; *Burnside* v. *Ennis* (1873), 43 Ind. 411, 414; Also see: 66 C. J. S. Notice, sec. 12, p. 648.

However, assuming the appellants had properly filed their remonstrance within due time in this case, they nevertheless must promptly present the claimed error to the trial court, giving it an opportunity to correct the same and thereafter upon refusal, save the alleged error for consideration of this court on appeal. *State ex rel. Barner et al.* v. *White Cir. Ct.* (1958), 237 Ind. 443, 147 N. E. 2d 10.

The appellees have made a motion to dismiss this appeal on the ground that no alleged error was properly saved for presentation to this court; that the appellants

did not bring this appeal within thirty days from the final judgment, as provided by statute (Burns' §27-117, 1948 Repl.), and that a motion to modify may not be used to extend time within which to take an appeal, nor to reopen issues once settled, after such lapse of time as took place in this case. *City of Michigan City* v. *Williamson* (1940), 217 Ind. 598, 600, 28 N. E. 2d 961; *Blagetz* v. *Blagetz* (1941), 109 Ind. App. 662, 665, 37 N. E. 2d 318.

On the other side, it is urged by the appellants that they are not appealing from the "pretended" judgment of December 14, 1955, but they are appealing from the judgment "overruling appellants' motion to modify said pretended judgment."

It cannot be seriously contended that the "pretended judgment" is void since it is undisputed that the court had jurisdiction of both the subject matter and the parties. *Lucas* v. *Hawkins, Sheriff* (1885), 102 Ind. 64, 1 N. E. 358; *Kleyla et al.* v. *Haskett et al.* (1887), 112 Ind. 515, 14 N. E. 387; 30A Am. Jur., Judgments, sec. 16, p. 169.

We need not set out verbatim the motion to modify. It in substance asks that the judgment be vacated and set aside and that the court find that the report of the surveyor and viewers was not in due form; that it be referred back for amendments, and that the assessment against the appellants be cancelled and stricken out of the judgment. Appellants claim the report "was defective in the following particulars, viz.:

"1. Report not verified.

"2. No finding as to public utility.

"3. No plans and specifications.

"4. No finding showing 'termini and route, location, character of the proposed work, etc.' "

Under the statute outlining the procedure in a drainage case all these issues are presented to the court by way of a remonstrance. (Burns' §27-114, 1948 Repl.) Appellants nevertheless seek a review of the correctness of the judgment and the proceedings upon which it is based by a motion to modify the judgment and by serving a notice of the filing upon the appellees after the term has expired during which the judgment was rendered.

The law is well settled that during term at which a judgment is rendered, the court has very broad powers on its own motion or upon that of any parties to modify, set aside or vacate its judgment. 49 C. J. S. Judgments, sec. 229, p. 436; *Tri-City Electric Service Co.* v. *Jarvis* (1933), 206 Ind. 5, 22, 185 N. E. 136; *Livingston* v. *Livingston* (1921), 190 Ind. 223, 229, 130 N. E. 122; *Ryon, Receiver* v. *Thomas et al.* (1885), 104 Ind. 59, 3 N. E. 653; *Merrill* v. *Shirk et al.* (1891), 128 Ind. 503, 505, 28 N. E. 95.

We need not consider in this case whether or not the filing of a motion *during the term* in which the judgment is rendered extends the time within which the judgment becomes effective and automatically extends the beginning of the running of the time within which an appeal may be taken, as in the case of a motion for a new trial. We point out however that the statute authorizes the filing and ruling on a motion for a new trial after term, and the rules of this court fix the running of the time for appeal accordingly.[1] We find no

---

1. The cases involving motions other than for new trials filed in term after judgment but not ruled upon until a subsequent term and whether the effectiveness of the judgment is thereby suspended are in conflict. *Dawson et al.* v. *Wright, Mayor, etc., et al.* (1955), 234 Ind. 626, 129 N. E. 2d 796; *City of Michigan City* v. *Williamson* (1940), 217 Ind. 598, 28 N. E. 2d 961; *Pittsburgh, etc., R. Co.* v. *Kearns* (1920), 191 Ind. 1, 128 N. E. 42.

statute in that regard concerning motions to modify judgments. Burns' §2-2403, 1946 Repl.; Rule 2-2, Supreme Court; *Dawson et al.* v. *Wright, Mayor, etc. et al.* (1955), 234 Ind. 626, 630, 129 N. E. 2d 796; 30A Am. Jur., Judgments, sec. 652, p. 622.

In this case the so-called motion to modify the judgment was filed *after the term* within which the judgment was rendered and notice served upon appellees at the time. It has been generally held that a case is no longer *in fieri* after the term has expired within which the judgment was rendered and after term there is no longer any authority or power on the part of the court to change its judgments under the common law. It must seek such power, if any, in the statutes. *McIntosh* v. *Monroe et al.* (1953), 232 Ind. 60, 63, 111 N. E. 2d 658; *Wagner* v. *McFadden* (1941), 218 Ind. 400, 403, 31 N. E. 2d 628; *Scheiring* v. *Baker* (1931), 202 Ind. 678, 682, 177 N. E. 866; *Jenkins et al.* v. *Corwin, Adm'r.* (1876), 55 Ind. 21; *Rooker* v. *Fidelity Trust Co., Trustee* (1931), 202 Ind. 641, 649, 177 N. E. 454.

In other words, a motion to modify, vacate, set aside or change a judgment in any manner, filed after term was unauthorized at common law.

> "In the absence of statutory authority, a court ordinarily has no power to correct, amend, open, or vacate a judgment after the expiration of the term." 49 C. J. S. Judgments, sec. 230, p. 438; 30A Am. Jur., Judgments, sec. 648, p. 617.

There is sound reason for this principle of law. A drainage proceeding is a statutory proceeding unknown to common law and the procedure outlined therein must be followed to present the issues desired to be raised. A motion to modify, such as presented in this case, would circumvent the provisions of

the statute. It would be virtually impossible for trial courts in this state to establish any finality in their proceedings if a motion to modify a judgment permitted a losing party to reopen all the questions which should have been raised previously under a proper making up of the issues for trial. Parties are entitled to rely upon and act with assurance in regard to judgments. Many times, as in this case, contracts must be let, bonds issued and construction begun. *Widmer* v. *Sweeney et al.* (1955), 234 Ind. 263, 269, 124 N. E. 2d 385.

At common law, however, the principle with respect to the finality of judgments after term became so fixed that it was held that even minor clerical errors in figures, dates and spelling could not be corrected after term. *Jenkins and another* v. *Long and another* (1864), 23 Ind. 460, 461; *Makepeace and another* v. *Lukens* (1867), 27 Ind. 435, 437.

Very early in English history it was found necessary to relieve the court of the rigors of the common law rule which prevented it from exercising any power to make corrections, even though clerical, in its judgments. During the reign of Edward III, Parliament authorized the courts to correct clerical errors therein, but this was limited merely to amendments of a syllable or letter negligently omitted from the judgment. 14 Edward III, St. 1, c. 6. Later, another statute was enacted under Henry VI which gave rise to authority to make *nunc pro tunc* entries by a court. 8 Henry VI, c. 12.

This statute is the basis today for the authority of a court to entertain a motion for *nunc pro tunc* entries *after term*, and such entries after term are limited by the statute of Henry VI strictly to cases where there is some memorandum or writing to support the petition and action of the court in correc-

ing its record and make it state the truth as to the action of the court in the particular judgment. 4 Lowe's Revision of Works', Indiana Practice, sec. 65.61, *et seq.*, p. 265; *Boyd* v. *Schott* (1899), 152 Ind. 161, 163, 52 N. E. 752; *In re Saric* (1925), 197 Ind. 1, 6, 149 N. E. 434; *Miller* v. *Muir* (1944), 115 Ind. App. 335, 352, 56 N. E. 2d 496.

"The common law of England, and statutes of the British Parliament made in aid thereof prior to the fourth year of the reign of James the First" with certain exceptions, are part of the law of this state. Burns' §1-101, 1946 Repl.; *Jenkins and another* v. *Long and another* (1864), 23 Ind. 460, 461; *Makepeace and another* v. *Lukens* (1867), 27 Ind. 435, 437; *Chissom et al.* v. *Barbour et al.* (1885), 100 Ind. 1, 4.

Only under the authority of these statutes can a correction be made in the nature of a *nunc pro tunc* entry by a court *after term*, when proceedings are no longer *in fieri*. When such action is taken after term, notice must always be served upon the opposing party, since the court, after the lapse of term and while the case is no longer *in fieri*, loses jurisdiction of the parties. *Makepeace and another* v. *Lukens* (1867), 27 Ind. 435, 437; *Chissom et al.* v. *Barbour et al.* (1885), 100 Ind. 1, 5; *In re Saric* (1925), 197 Ind. 1, 6, 149 N. E. 434; *Miller* v. *Muir* (1944), 115 Ind. App. 335, 352, 56 N. E. 2d 496; *Sidener, Administrator et al.* v. *Coons, Administrator* (1882), 83 Ind. 183.

These statutes are not broad enough to permit any general motion to modify or correct, vacate or set aside a judgment where no *nunc pro tunc* entry is authorized and no memorandum or writing exists as a basis for the *nunc pro tunc* entry. *Boyd* v. *Schott* (1899), 152 Ind. 161, 163, 52 N. E. 752;

*In re Saric* (1925), 197 Ind. 1, 6, 149 N. E. 434; *Johnson* v. *Moore* (1887), 112 Ind. 91, 92, 13 N. E. 106; *Perkins et al.* v. *Hayward et al.* (1892), 132 Ind. 95, 100, 31 N. E. 670; *Miller* v. *Muir* (1944), 115 Ind. App. 335, 352, 56 N. E. 2d 496; 4 Lowe's Revision Works' Indiana Practice, sec. 65.63, p. 259.

The statement in *Penn* v. *Ducomb* (1937), 213 Ind. 133, 142, 10 N. E. 2d 733, 12 N. E. 2d 116 to the effect that a court *after term* may change, set aside or modify its final judgment if a notice is given to interested parties, is entirely without authoritative support and contrary to recognized authority. The only case cited for the statement (*Perkins et al.* v. *Hayward et al.* (1892), 132 Ind. 95, 31 N. E. 670) deals solely with a petition for a *nunc pro tunc* entry. To permit such procedure without time limits would place no finality on judgments; never settle or end litigation, and leave judgments in such uncertainty that no one could rely upon them or proceed with any assurance they would not be changed at any time. *Penn* v. *Ducomb, supra* (1937), 213 Ind. 133, 142, 10 N. E. 2d 733, 12 N. E. 2d 116 cannot be accepted in the respect mentioned as good law, and the statement there is disapproved.

The U. S. Supreme Court has said:

"No principle is better settled, or of more universal application, than that no court can reverse or annul its own final decrees or judgments for errors of fact or law, after the term in which they have been rendered, unless for clerical mistakes (3 Wheat. 591; 3 Peters, 431), or to re-instate a cause dismissed by mistake (12 Wheat. 10) ; from which it follows that no change or modification can be made, which may substantially vary or affect it in any material thing. . . ."[2] *Sibbald* v. *The*

2. See: *State ex rel. Terminex Co. of Ind.* v. *Fulton C. C.* (1956), 235 Ind. 218, 132 N. E. 2d 707, on dismissal under Indiana statutes.

*United States* (1838), 12 Pet. 488, 491, 9 L. Ed. 1167.

In Indiana the legislature has seen fit to authorize by statute the bringing of a new cause of action within a specified time, which action is limited to correction or review of a judgment where it is claimed error was committed in certain situations. (Burns' §2-2604, 1946 Repl.) This statute reads in part as follows:

> *"Review of judgments—For what had—Limit of filing.*—The complaint may be filed for any error of law appearing in the proceeding and judgment, within one [1] year; or for material new matter, discovered since the rendition thereof, within three [3] years; or for both causes, within one [1] year after the rendition of the judgment, and without leave of court." Burns' §2-2605, 1946 Repl.

> *"Review of judgments—Reversal, affirmance or modification—Costs.*—Upon the hearing, the court may reverse or affirm the judgment, in whole or in part, or modify the same, as the justice of the case may require, and award costs according to the rule prescribed for the awarding of costs in the Supreme Court on appeal." Burns' §2-2609, 1946 Repl.

The remedy, therefore, of a party who desires to have a judgment modified, vacated or set aside after term and when the case is no longer *in fieri*, must be ▆▆ by virtue of the above act or some other statutory authority.[3] *Woodard* v. *Killen* (1925), 196 Ind. 570, 575, 148 N. E. 195; *Calumet Teaming & Trucking Co.* v. *Young* (1941), 218 Ind. 468, 471, 33 N. E. 2d 109, 33 N. E. 2d 583; *State ex rel. Beckham, Sr.* v.

---

3. The continuing control over the custody and care of children compels special consideration as to the right of a court to provide that it shall retain jurisdiction to modify its order from time to time under changed conditions. On the Relation of *Rosenbarger* v. *Mar. C. C. et al.* (1959), 239 Ind. 132, 155 N. E. 2d 125; See Burns' §§3-1219—3-1220 and 9-3216.

*Vanderburgh Cir. Ct.* (1954), 233 Ind. 368, 371, 372, 119 N. E. 2d 713.

Lowe's Revision recognizes the distinction between the correction of judgments by a *nunc pro tunc* entry after term by notice under the English Act and the bringing of an action for the modification, setting aside, vacating or reviewing of a judgment after term and when the judgment is no longer *in fieri*, and after the court has lost jurisdiction over the parties and the judgment. 4 Lowe's Revision of Works', Indiana Practice, §§ 65.61-65.99, pp. 265-314.

In view of what has been said, it is patently clear that the so-called motion to modify filed by the appellants in this case fourteen months after judgment was entered and after the term was closed, even though notice was given, was not a proceeding in the original case since it was no longer *in fieri*. Neither does the petition or motion to modify have the character of a petition to correct a judgment by a *nunc pro tunc* entry filed after term upon which notice has been given. It in no sense falls within the category of such a proceeding, but rather is an outright attempt at a review of the entire judgment for alleged errors of the court committed during trial and thereafter. *Jenkins and another* v. *Long and another* (1864), 23 Ind. 460.

The proceeding which the appellants took, after the term at which the judgment was rendered, to have the judgment modified or set aside must meet the requirements of the statute of this state or come within some of the recognized equitable or special actions for relief against judgments.

Since a motion to modify a judgment filed after the term at which the judgment was rendered is unauthor-

ized by law herein, the overruling of such a motion is not a final judgment from which an appeal may be perfected. *City of Michigan City* v. *Williamson* (1940), 217 Ind. 598, 600, 28 N. E. 2d 961; *McIntosh* v. *Monroe et al.* (1953), 232 Ind. 60, 63, 111 N. E. 2d 658; *State ex rel. Barner et al.* v. *White Cir. Ct.* (1958), 237 Ind. 443, 147 N. E. 2d 10; *Scheiring* v. *Baker* (1931), 202 Ind. 678, 682, 177 N. E. 866.

No proper assignment of error has been presented for an appeal and the motion of the appellees to dismiss this appeal is therefore sustained and this appeal is dismissed.

Landis, C. J., and Achor, Bobbitt and Jackson, JJ., concur.

NOTE.—Reported in 155 N. E. 2d 745.